## AMERICAN RY. EXPRESS CO. v. TIMES PUB. CO.   (No. 7776.)

Court of Civil Appeals of Texas. San Antonio. May 4, 1927.

Rehearing Denied May 25, 1927.

**1. Carriers ⚙➡94(3)—Evidence in suit to recover for express company's failure to deliver certain rollers held to warrant finding of delivery to defendant.**

In suit against railway express company to recover damages for failure to deliver certain rollers shipped by plaintiff, evidence *held* sufficient to warrant finding of delivery to defendant.

**2. Appeal and error ⚙➡1073(7)—Proposition showing court added additional amount in calculating interest held not to present error, when offset by error in favor of appellant.**

Proposition showing that court, in calculating interest, added additional amount over that found by jury, *held* not to present error, when error in favor of appellant more than offset such amount, in that appellee received judgment for smaller amount than that to which it was entitled.

**3. Appeal and error ⚙➡1048(2)—Permitting witness to testify as to value without qualifying held not erroneous, where there was other unchallenged testimony.**

Permitting witness to testify as to value of certain rollers without qualifying *held* not erroneous, where there was ample testimony given by other witnesses as to value thereof which was unchallenged.

**4. Appeal and error ⚙➡207—Error assigned to failure to instruct jury to not entertain argument on which there was no testimony held without merit, in absence of request.**

Where there was no request that court instruct jury to not entertain argument by attorney on point as to which there was no testimony, error assigned to failure of court to give such instruction *held* without merit.

Appeal from Nueces County Court; Jesse Wright, Judge.

Suit by the Times Publishing Company against the American Railway Express Company. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Kleberg & North and Lloyd T. Atkeson, all of Corpus Christi, for appellant.

W. E. Pope, of Corpus Christi, and H. S. Bonham, of Beeville, for appellee.

FLY, C. J. This suit was instituted by appellee against appellant to recover damages in the sum of $271.10, arising out of the failure of appellant to deliver 10 rollers shipped by appellee from Corpus Christi to the Bingham Roller Company at Dallas, Tex. Appellant filed a general demurrer and general denial. Upon a verdict rendered in response to special issues submitted to the jury, the court rendered judgment in favor of appellee for the sum of $365.55.

The jury found that on or about April 26, 1920, appellee delivered to appellant three boxes at Corpus Christi, and that the boxes were to be transported by appellant, one of them being press roller cores; the last-named box never being delivered to the consignees, nor to appellee. They found that the reasonable market value of the rollers in Corpus Christi was $232.32, for the 10 rollers not delivered. The evidence disclosed that the rollers consist of steel cores and composition fastened to the cores, and were used to ink type in printing offices. The rollers were secondhand, and they were shipped to Dallas to be repaired. A box with 10 rollers was never delivered by appellant, to whom it was delivered at Corpus Christi. Three boxes, one of composition and two of rollers, were placed in the hands of the driver for appellant; but one box of the rollers was never delivered to appellee or his consignee. While the waybills indicated only two boxes were delivered to appellant, the positive testimony of two witnesses showed that three were placed in the hands of the vehicle driver sent out by appellant to collect express packages.

[1] Our conclusions of fact dispose of the first proposition, which assails the sufficiency of the testimony as to the three boxes being delivered to appellant. The proposition is overruled.

[2] While the court at one point in the judgment seems to have added 98 cents to the amount found by the jury, in calculating the interest on the amount to the time of judgment, an error in favor of appellant more than offsets the 98 cents, and appellee received judgment for a smaller amount than that to which it was entitled. The second proposition is overruled.

[3] There is no merit in the third proposition. If it be true, as contended by appellant in the third proposition, that a certain witness allowed to testify as to the value of the lost rollers did not qualify as to the value of such rollers, there was ample testimony given by other witnesses as to the value of the rollers, which was unchallenged by appellant. The value was fixed beyond doubt.

[4] The fourth proposition is overruled. Appellant argues from the bill of exceptions that the attorney for appellee stated that the driver of the vehicle to whom the boxes were delivered was still in the employ of appellant, there being no testimony on that point, which statement was modified by the court to read that he was still in the employment of appellant, so far as the attorney knew, and the court stated that no request was made by appellant that the court instruct the jury to not entertain the argument. The error assigned is the failure of the court to give such instruction as to the argument, and is without merit.

There is no merit in this appeal, and the judgment is affirmed.